DOUGLAS A. TOLENO (AZ BN 021617)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
TELEPHONE: (858) 750-7600
FACSIMILE: (619) 590-1385
E-MAIL: dtoleno@piteduncan.com

Attorneys for Defendants Saxon Mortgage, Inc. and Saxon Mortgage Services, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>JULIA VASQUEZ,<br><br>    Debtor(s). | Case No. 4:08-bk-15510-EWH<br><br>Adv No. 4:08 - ap - 00794-EWH |
| JULIA VASQUEZ,<br><br>    Plaintiff Debtor,<br><br>vs.<br><br>PACIFIC COAST MORTGAGE, INC., an Arizona corporation; SAXON MORTGAGE, INC., a Virginia corporation; SAXON MORTGAGE SERVICES, INC, a Texas corporation; SAXON MORTGAGE,<br><br>    Defendant(s) | Chapter 13<br><br>**DEFENDANTS SAXON MORTGAGE, INC.'S AND SAXON MORTGAGE SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>(Assigned to Hon. Eileen W. Hollowell) |

    Defendants SAXON MORTGAGE, INC. and SAXON MORTGAGE SERVICES, INC. (collectively, "Saxon"), hereby respond in opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint ("TAC").

**I.    The Proposed Third Amended Complaint is Futile.**

    "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

    Although the changes to the TAC were not highlighted as required by local rule, it appears

1

that the only revisions from the Second Amended Complaint are the addition of paragraphs 83 and 84 and the addition of "Count Seven - A.R.S. § 33-420." Paragraphs 83-84 assert that Saxon sold its interests in the subject loan and accompanying Deed of Trust in September 2005 and that "[n]o evidence of Saxon's sale of its interest in [the subject loan] and accompanying deed of trust in September 2005 was recorded in the Pima County Recorder's Office." Count Seven alleges that the assignment from Saxon to Deutsche Bank was "groundless and invalid." However, Plaintiff utterly fails to allege any facts, either in the proposed TAC or in her Motion, to demonstrate how the subject Assignment was "groundless and invalid." Even if the Assignment was recorded several years after the transfer in interest from Saxon to Deutsche Bank occurred, this does not make the recorded Assignment "groundless and invalid", such that Plaintiff would be entitled to damages pursuant to A.R.S. § 33-420. This new claim would be dismissed via a Motion to Dismiss and there is no need to delay this matter further to permit such a futile amendment.

No evidence discovered throughout the course of this case can reasonably be used to infer that the Assignment was invalid, particularly the deposition of Judy Duffek, in which Ms. Duffek merely confirmed that Saxon's interests had been assigned to Deutsche Bank, as documented by the Assignment. The contrary conclusion drawn by Plaintiff is baffling.

**II.     Plaintiff's Motion Should Be Denied, as It Would Delay the Trial Without Justification.**

Even if the TAC was not futile, it should not be permitted, as it would delay the trial and Plaintiff has not demonstrated a substantial justification for such delay. Local rules of procedure require that "[a]ll motions, unless made during a hearing or trial, shall be in writing and shall be made sufficiently in advance of trial . . . to avoid any delays in the trial." L.R. 7.2(a). Despite Plaintiff's contention to the contrary, the April 27, 2010 trial of this matter will be delayed if Plaintiff is permitted to file the proposed TAC. Plaintiff asserts that "Saxon cannot seriously contend that preparing to defend against this new claim will require it to undergo a great deal of additional trial preparation." (See Plaintiff's Motion at 9:16-18.) In addition to being a bit presumptuous to assume the amount of trial preparation necessary to defend against a claim wholly unrelated to any other claims asserted in prior versions of the complaint, Saxon's recently-heard Motion for Summary Judgment was granted and disposed of all remaining claims against Saxon. As such, there is

2003440.wpd

currently no need for Saxon to prepare for trial *at all*, particularly on a brand new state law claim that, again, is unrelated to Plaintiff's prior, disposed of claims. Further, even if there was some relation of claims and similar evidence necessary to defend such claims, Saxon is entitled to conduct discovery to challenge the new claims presented and is entitled to move to dismiss or move for summary judgment with respect to such claims. Based upon the new allegations in the TAC and the new cause of action, assuming the TAC is approved for filing, Saxon intends to move to dismiss such cause of action, as it is wholly without merit on its face. The trial is this month. There simply is not sufficient time prior to trial to permit Saxon to utilize the various tools at its disposal under the Federal Rules of Civil Procedure to stage a defense.

Moreover, Plaintiff cannot take shelter by claiming that "the facts forming the basis of this new claim were just discovered on March 2, 2010." The adversary action was filed on November 3, 2008. Plaintiff's decision to wait until the discovery cutoff, nearly one year and four months later, to take its first deposition in the case and claim that "new evidence" was discovered at the deposition, thereby justifying a new cause of action, should not be sanctioned. It seems now that the purpose of the March 2 deposition was solely as a fishing expedition to seek out new claims in anticipation of moving to amend the complaint, in the face of the impending dismissal of all of Plaintiff's remaining causes of action against Saxon. This same information could have been obtained earlier in the litigation and not caused a disruption in the trial schedule.

More importantly, however, no information obtained from Ms. Duffek in her deposition can reasonably be used to infer that the subject Assignment was invalid. To the contrary, Ms. Duffek confirmed the transfer of Saxon's interests to Deutsche Bank. If it is Plaintiff's contention that the Assignment is invalid and that Deutsche Bank does not hold an interest in the subject property, it is impossible to draw that conclusion from Ms. Duffek's testimony. Therefore, there is no justification for further delaying this case, as no evidence to support the new cause of action was obtained via Ms. Duffek's deposition. Plaintiff has already amended her Complaint twice and could have brought this claim in a prior version.

For the foregoing reasons, Saxon requests that Plaintiff's Motion be denied. However, if Plaintiff's Motion is granted, Saxon requests that the Court set a scheduling conference to establish

3

2003440.wpd

1  a new discovery schedule and trial date.

3  Dated:  April 2, 2010          PITE DUNCAN, LLP

5                                  /s/ Douglas A. Toleno
                                  DOUGLAS A. TOLENO
6                                  Attorneys for Defendants Saxon Mortgage, Inc. and Saxon
                                  Mortgage Services, Inc.

2003440.wpd

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I, the undersigned, declare: I am, and was at the time of service of the papers herein referred |
| 3 | to, over the age of 18 years, and not a party to this action. My business address is 4375 Jutland |
| 4 | Drive, Suite 200, P.O. Box 17935, San Diego, CA 92177-0935. |
| 5 | I hereby certify that on April 2, 2010, I electronically transmitted the attached document to |
| 6 | the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic |
| 7 | Filing to the following CM/ECF registrants: |

| | |
|---|---|
| Beverly B. Parker<br>Southern Arizona Legal Aid, Inc<br>Continental Building<br>2343 E. Broadway Blvd., #200<br>Tucson, AZ 85719-6007<br>Email: bparker@sazlegalaid.org<br>*Attorney for Plaintiff* | Eric J McNeilus<br>Heurlin Sherlock Panahi<br>1636 Swan RD #200<br>Tucson, AZ 85712-4096<br>Email: emcneilus@hspatlaw.com<br>*Attorney for Plaintiff* |
| Jeffrey A. Sandell<br>J. Lawrence McCormley<br>TIFFANY & BOSCO<br>2525 East Camelback Road, Suite 300<br>Phoenix, AZ 85016<br>*Attorneys for Defendant Pacific Coast Mortgage, Inc.* | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of April 2010, at San Diego, California.

_____
MARSHA L. JOHNSON

2004018.wpd